CHITTENDEN,         STEPHEN AUSTIN, v. MARK NORRIS.
January,
1839.      In an action of trespass, under the plea of not guilty, the defendant cannot
           give in evidence matter in discharge.

This was an action of trespass, plea, general issue, and trial by jury.

On the trial in the county court, it appeared that the plaintiff prayed out his writ against one Edward Pooler and Samuel Brown, as well as the now defendant; that the writ was served upon them all. A trial was had at the last March term, and the plaintiff recovered against Brown and Pooler, and the jury found the defendant, Norris, not guilty. Brown and Pooler did not, at the March term, enter a review, though they were entitled to review, and the plaintiff reviewed as to Norris. Execution had issued against Brown and Pooler on the judgment—they had been committed to jail on the execution—and were now brought into court on a habeas corpus to testify for the plaintiff against Norris. After they were so brought into court, the plaintiff and Brown and Pooler mutually agreed, that the judgment so rendered at the March term should be vacated, and the said Brown and Pooler enter a review as of March term 1838, which was so entered by the clerk on his docket, and, after the entry so made, the plaintiff entered a nonsuit as to Brown and Pooler. The court decided that the agreement of the plaintiff and Brown and Pooler, granting a review, as aforesaid, was virtually a discharge of the trespass complained of in the plaintiff's declaration, and so charged the jury; whereupon, the jury returned a verdict for the defendant. To this decision and charge the plaintiff excepted.

*Maeck & Smalley* and *A. G. Whittemore* for plaintiff.

*W. P. Briggs* and *C. Adams* for defendant.

COLLAMER, J.—At common law the pleadings and evidence formed correlative branches of the law, and were in perfect symmetry in the system. A party was bound to prove what he alleged, if traversed, and he was neither bound nor permitted to prove more; not *bound* to prove more, as he had not so undertaken, and would be therefore unprepared; and not *permitted*, as it would be a surprise on the opposite party.— This extended early to all personal actions then in use, trespass, detinue, replevin, account, covenant, and debt. In

the modern actions of trover, assumpsit, and trespass on the CHITTENDEN, *January,* 1839.

Austin *v* Norris.

the modern actions of trover, assumpsit, and trespass on the case, this rule was much relaxed ; and the relaxation gradually extended to debt, and perhaps to some other actions, *ex contractu.* The expense, which this occasioned in preparing at all points, has induced a recent law in England, by which every matter is required to be specially pleaded, even in assumpsit. This relaxation, neither in England or America, ever extended to the action of trespass. The utmost stretch, which was ever taken in this state, was to admit, under the general issue, evidence of such matter as showed there was a justification or excuse *when the act was committed—Wilcox v. Sherwin, Chip. Rep.* 72. The defendant, without special plea, was never permitted to show matter of defence, subsequently arising, such as release, accord, limitation, &c. In this case, the defendant, *under the general issue,* was permitted by the county court to show matter which, *that court* decided amounted to a legal release, and the jury were so charged, and a verdict of *not guilty* was taken. This was clearly erroneous.

Judgment reversed.